UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK.



---

PORTSIDE GROWTH AND OPPORTUNITY
FUND,

                              Plaintiff,

        -against

GIGABEAM CORPORATION,

                              Defendant

---

JUDGE BUCHWALD

'07 CIV 6990

COMPLAINT

Plaintiff Portside Growth and Opportunity Fund, by its attorneys, Olshan Grundman

Frome Rosenzweig & Wolosky LLP, for its Complaint alleges:

The Parties

1.      Plaintiff Portside Growth and Opportunity Fund ("Portside") is a corporation

formed under the laws of the Cayman Islands, with its principal offices located in the Cayman

Islands.

2.      Defendant GigaBeam Corporation ("GigaBeam") is a corporation formed under

the laws of the state of Delaware, with its principal place of business in Herndon, Virginia.  It is

engaged in the business of wireless communication transmissions.

Jurisdiction and Venue

3.      This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(2)

because this is a dispute between citizens of a state and citizens of a foreign state and the amount

in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) and (2).  In

addition, all parties have consented to venue pursuant to, among other things, the terms of the

Securities Purchase Agreement, dated as of November 7, 2005, by and among defendant GigaBeam, plaintiff Portside (as successor in interest to Omicron Master Trust ("Omicron")) and the other purchasers party thereto (the "Securities Purchase Agreement").

<u>Plaintiff Portside's Investment in Defendant GigaBeam</u>

5.     On or about November 7, 2005, defendant GigaBeam issued 500 shares of Series B Convertible Preferred Stock, par value $0.001 per share ("Preferred Stock"), to Omicron pursuant to the Securities Purchase Agreement. The terms of the Preferred Stock are set forth in the Certificate of Designation of Preferences, Rights and Limitations of Series B Convertible Preferred Stock (the "Series B Certificate of Designation"), a copy of which is annexed as Exhibit A. Pursuant to the Series B Certificate of Designation, shares of Preferred Stock are convertible into shares of common stock, par value $0.001 per share ("Common Stock"), of defendant GigaBeam.

6.     On or about June 27, 2006, plaintiff Portside, for good and valuable consideration, purchased 342 shares of Preferred Stock from Omicron and assumed all of the rights and obligations of Omicron with respect to such shares under the Securities Purchase Agreement, the Series B Certificate of Designation, the Registration Rights Agreement (as defined below) and the other transaction documents associated with the issuance of Preferred Stock by defendant GigaBeam.

<u>The Registration Rights Agreement</u>

7.     Pursuant to a Registration Rights Agreement, dated as of November 7, 2005, by and among defendant GigaBeam, plaintiff Portside (as successor in interest to Omicron) and the other purchasers party thereto (the "Registration Rights Agreement"), defendant GigaBeam covenants to register for resale on Form S-3 the shares of Common Stock underlying the Preferred Stock with the United States Securities and Exchange Commission and to keep the

2

relevant registration statement (the "Registration Statement") continuously effective under the

Securities Act of 1933, as amended (the "Securities Act"), until all of the shares of Common

Stock covered by the Registration Statement have been sold by the holders thereof or may, in the

opinion of counsel, be sold without volume restrictions pursuant to Rule 144(k) under the

Securities Act (the "Effectiveness Period"). (Ex. B §2(a))  A copy of the Registration Rights

Agreement is annexed as Exhibit B.  The shares of Common Stock underlying plaintiff

Portside's shares of Preferred Stock are not eligible for resale pursuant to Rule 144(k) under the

Securities Act until November 7, 2007, at the earliest.

      8.     By letter dated April 25, 2007, defendant GigaBeam advised plaintiff Portside

that it was suspending the effectiveness of the Registration Statement and that the prospectus

underlying the Registration Statement could not be used by plaintiff Portside to consummate

sales or trades of Common Stock until further written notice from defendant GigaBeam.  As of

the date hereof, no such notice has been received by plaintiff Portside.

      9.     Pursuant to the Registration Rights Agreement, if the Registration Statement is

not continuously effective for twenty consecutive calendar days (the date on which such period is

exceeded being referred to as the "Event Date"), then on the Event Date and each monthly

anniversary thereof until the Registration Statement is again effective, defendant GigaBeam

covenants to pay to plaintiff Portside an amount in cash, as partial liquidated damages and not as

a penalty, equal to 2% of the aggregate purchase price of the Preferred Stock held by plaintiff

Portside pursuant to the Securities Purchase Agreement.  (Ex. B §2(b))  Defendant GigaBeam

further covenants that if it fails to pay any partial liquidated damages in full within seven days

after the date payable, it will pay interest thereon at a rate of 18% per annum (or such lesser

maximum amount that is permitted to be paid by applicable law) to plaintiff Portside, accruing

548805-1

daily from the date such partial liquidated damages are due until such amounts, plus all such interest thereon, are paid in full. (Ex. B §2(b))

10.    Defendant GigaBeam has failed to honor its obligations under the Registration Rights Agreement resulting from the failure of the Registration Statement to be effective.

Plaintiff Portside's Redemption of the Preferred Stock

11.    The Series B Certificate of Designation provides that if, during the Effectiveness Period, the Registration Statement lapses for any reason for more than an aggregate of 60 calendar days (which need not be consecutive days) during any twelve-month period, plaintiff Portside shall have the right to redeem all of the shares of Preferred Stock held by it for a redemption price, in shares of Common Stock, equal to a number of shares of Common Stock equal to (1) the sum of (A) 130% of the stated value of the shares of Preferred Stock, (B) all accrued but unpaid dividends thereon and (C) all liquidated damages and other amounts due in respect of the shares of Preferred Stock (such sum, the "Triggering Redemption Amount") divided by (2) 75% of the average of the daily volume weighted average trading prices of the Common Stock for the ten trading days immediately prior to the date plaintiff Portside delivers a notice of redemption to defendant GigaBeam. (Ex. A §9(a)(ii), §9(b))

12.    The Series B Certificate of Designation further provides that, if defendant GigaBeam does not deliver the Triggering Redemption Amount to plaintiff Portside within five business days after its receipt of a notice of redemption, defendant Gigabeam shall pay interest thereon at a rate of 18% per annum (or such lesser amount permitted by applicable law), accruing daily from such date until the Triggering Redemption Amount, plus all such interest thereon, is paid in full. (Ex. A § 9(b))

4

548805-1

13.     By notice dated July 10, 2007 (the "July 10 Notice"), plaintiff Portside exercised its right of redemption and stated that it was entitled to receive 166,532 shares of Common Stock, plus dividends and late charges accruing from the date thereof. A copy of the July 10 Notice is annexed as Exhibit C.

14.     By notice dated July 18, 2007 (the "July 18 Notice"), plaintiff Portside amended the July 10 Notice to correct the number of shares of Common Stock to which it was entitled, which had been understated in the July 10 Notice due to a miscalculation. As of July 18, 2007, plaintiff Portside was entitled to receive 222,057 shares of Common Stock, plus dividends and late charges accruing from the date thereof. Though not required to do so, plaintiff Portside also notified defendant GigaBeam in the July 18 Notice that, as of such date, plaintiff Portside was entitled to receive $23,299.36 as partial liquidated damages under the Registration Rights Agreement. A copy of the July 18 Notice is annexed as Exhibit D.

15.     Despite due demand, defendant GigaBeam has failed to honor its redemption obligations.

First Claim for Relief
(Breach of Contract)

16.     Plaintiff restates the allegations in paragraphs 1 through 15 above.

17.     Based upon the foregoing, defendant GigaBeam has failed to comply with its obligations under the Registration Rights Agreement and the Series B Certificate of Designation. As a direct, proximate and foreseeable result of defendant GigaBeam's breach of contract, plaintiff Portside has suffered losses in an amount to be determined at trial, but now believed to exceed $1 million, which losses will continue to accrue. In addition, Portside is owed liquidated damages and interest.

548805-1

18.    Plaintiff Portside also is entitled to recover its attorneys' fees pursuant to the terms of the Series B Certificate of Designation and the Securities Purchase Agreement.

Second Claim for Relief
(Specific Performance)

19.    Plaintiff Portside restates the allegations in paragraphs 1 through 15 above.

20.    Based upon the foregoing, defendant GigaBeam has failed to comply with its contractual obligations to deliver to plaintiff Portside shares of Common Stock numbering, as of July 18, 2007, 222,057.

21.    Plaintiff Portside has no adequate remedy at law.

22.    Accordingly, plaintiff Portside is entitled to a decree of specific performance directing defendant GigaBeam to issue shares of Common Stock to plaintiff Portside in accordance with the July 18 Notice and to an award of equitable damages.

23.    Plaintiff is also entitled to recover its attorneys' fees pursuant to the terms of the Series B Certificate of Designation and the Securities Purchase Agreement.

WHEREFORE, plaintiff Portside requests that the Court enter judgment in its favor as follows:

A.    On the First Count, for all losses arising from defendant GigaBeam's breach of contract, in an amount to be determined at trial, but believed to exceed $1 million, plus interest, liquidated damages, costs and attorneys' fees;

B.    On the Second Count, for specific performance plus all equitable damages due to plaintiff Portside, plus costs and attorneys' fees; and

C.    Granting such other and further relief as the Court deems just and proper.

548805-1

Dated: New, York, New York
     August 3, 2007

                                         OLSHAN GRUNDMAN FROME
                                         ROSENZWEIG & WOLOSKY LLP

By: _____
                    Thomas J. Fleming (TF 4423)
                    Joshua S. Androphy (JA 1481)
                    *Attorneys for Plaintiff*
                    Park Avenue Tower
                    65 East 55th Street
                    New York, New York 10022
                    (212) 451-2300

7