**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
PORTSIDE GROWTH AND OPPORTUNITY
FUND,

<table>
<tr><td>                      Plaintiff,</td><td>Case No. 07 CIV 6990</td></tr>
<tr><td>     -against-</td><td></td></tr>
<tr><td>GIGABEAM CORPORATION,</td><td>**ANSWER**</td></tr>
<tr><td>                      Defendant.</td><td></td></tr>
</table>

---------------------------------------------------------------X

Defendant Gigabeam Corporation ("Defendant" or "Gigabeam"), by and through its

attorneys, The Roth Law Firm, PLLC, hereby Answers the Complaint filed by Portside Growth

and Opportunity Fund ("Plaintiff" or "Portside"), as follows:

1.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 1 of the Complaint.

2.      Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3.      Defendant admits the allegations set forth in paragraph 3 of the Complaint to the

extent that diversity jurisdiction exists pursuant to 28 U.S.C § 1332(a)(2). Nevertheless,

Defendant denies, upon information and belief, that this Court has subject matter jurisdiction

over this dispute as Plaintiff does not have standing to enforce the contracts upon which it bases

its claims.

4.      Defendant denies the allegations set forth in paragraph 4 of the Complaint as

venue in this action does not exist pursuant to 28 U.S.C §§ 1391(a)(1) or (a)(2). In addition,

Defendant denies that it has consented to resolving the claims herein with Plaintiff in this venue

as, upon information and belief, Plaintiff has no legal right to enforce the terms of the Securities

Purchase Agreement, dated as of November 7, 2005, or any documents annexed as an exhibit thereto (the "Securities Purchase Agreement" is annexed hereto as <u>Exhibit A</u>) because Plaintiff and Omicron Master Trust ("Omicron") have not fully complied with the terms of Sections 4.1 and 5.7 of the Securities Purchase Agreement.

5.    Defendant admits the allegations set forth in paragraph 5 of the Complaint to the extent that: (i) Gigabeam issued 500 shares of Series B Convertible Preferred Stock, par value $0.001 per share ("Preferred Stock") to Omicron pursuant to the Securities Purchase Agreement; and (ii) the terms of the Preferred Stock are set forth in the Certificate of Designation of Preferences, Rights and Limitations of Series B Convertible Preferred Stock (the "Series B Certificate of Designation" is annexed to the Complaint as Exhibit A and is also an exhibit to the Securities Purchase Agreement). Defendant denies Plaintiff's allegations regarding the content and context of the Series B Certificate of Designation and respectfully refers the Court to the document itself, which is annexed to the Complaint as Exhibit A.

6.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint as no such proof has been submitted to Defendant or the Court at any time. Upon information and belief, Defendant has no legal right to enforce the terms of the Securities Purchase Agreement (or any exhibit annexed thereto), as Plaintiff and Omicron have not fully complied with the terms of Sections 4.1 and 5.7 of the Securities Purchase Agreement.

7.    Defendant denies Plaintiff's allegations regarding the content and context of the Registration Rights Agreement (annexed to the Complaint as Exhibit B and also annexed as an exhibit to the Securities Purchase Agreement) as stated in paragraph 7 of the Complaint, and respectfully refers the Court to the terms of the Registration Rights Agreement. Further,

Defendant denies that the common stock underlying Plaintiff's purported shares of Preferred Stock are not eligible for resale pursuant to Rule 144 until November 7, 2007. Indeed, if Plaintiff had truly wanted to sell such stock, all it had to do was obtain a legal opinion letter from counsel which would have cost a total (flat fee) of $350. As such, assuming Plaintiff has been damaged in excess of "$1 million" as alleged in the Complaint, all Plaintiff would have had to have done to mitigate any such alleged damages (which could have been accomplished prior to incurring any such alleged damages) was to spend a mere $350 on a legal opinion letter. Plaintiff's failure, or refusal, to sell under Rule 144 is evidence of the fact that what Plaintiff really seeks herein is a windfall made in bad faith.

8.    Defendant admits the allegations set forth in paragraph 8 of the Complaint and affirmatively states that such April 25, 2007 letter did not put any restrictions on Plaintiff from selling its common stock, had it wished to do so, pursuant to Rule 144.

9.    Defendant denies Plaintiff's allegations regarding the content and context of the Registration Rights Agreement (annexed to the Complaint as Exhibit B and also annexed as an exhibit to the Securities Purchase Agreement) as stated in paragraph 9 of the Complaint, and respectfully refers the Court to the terms of the Registration Rights Agreement. Defendant also affirmatively states that, upon information and belief, Plaintiff has no legal right to enforce the Registration Rights Agreement (or any exhibit annexed thereto) because Plaintiff and Omicron have not fully complied with the terms of Sections 4.1 and 5.7 of the Securities Purchase Agreement or Section 6(h) of the Registration Rights Agreement itself.

10.    Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11.    Defendant denies Plaintiff's allegations regarding the content and context of the Series B Certificate of Designation as stated in paragraph 11 of the Complaint, and respectfully

refers the Court to the document itself, which is annexed to the Complaint as Exhibit A.

Notwithstanding, Defendant affirmatively states that Section 9(b) of the Series B Certificate of

Designation states that in order for a redemption right to exist, there must be an "occurrence *and*

*continuation* of a Triggering Event…" (emphasis added). Defendant denies that a continuation

of a Triggering Event occurred -- or even that Plaintiff has plead that a continuation of a

Triggering Event occurred. As such, no right of redemption exists. Defendant also affirmatively

states that Section 9(b) of the Series B Certificate of Designation also makes clear that the only

"Triggering Event" that is not subject to cure is Section 9(a)(vii), and Plaintiff does not allege a

breach of said section. Defendant affirmatively states that Defendant instantaneously cured any

alleged breach of a Triggering Event under Section 9(a)(ii) by permitting Plaintiff to resell its

Registrable Securities pursuant to Rule 144. Additionally, Plaintiff denies that a Triggering

Event occurred under Section 9(a)(ii) as any registration statement lapse did not occur "during

the Effectiveness Period" -- as the Effectiveness Period ended at such time that a resale was

permitted pursuant to Rule 144. Finally, Defendant also affirmatively states that, upon

information and belief, Plaintiff has no legal right to enforce the Registration Rights Agreement

(or any exhibit annexed thereto) because Plaintiff and Omicron have not fully complied with the

terms of Sections 4.1 and 5.7 of the Securities Purchase Agreement or Section 6(h) of the

Registration Rights Agreement itself.

    12.    Defendant denies Plaintiff's allegations regarding the content and context of the

Series B Certificate of Designation as stated in paragraph 12 of the Complaint, and respectfully

refers the Court to the document itself, which is annexed to the Complaint as Exhibit A.

Notwithstanding, Defendant denies that Plaintiff had a legal right to submit to Defendant a notice

of redemption pursuant to Section 9(b) of the Series B Certificate Designation.

13.    Defendant admits the allegations contained in paragraph 13 of the Complaint solely to the extent that Plaintiff sent Defendant the July 10, 2007 letter (annexed to the Complaint as Exhibit C) and respectfully refers the Court to said exhibit for the content thereof. Defendant denies, however, that: (i) Plaintiff had a legal right to submit to Defendant a notice of redemption pursuant to Section 9(b) of the Series B Certificate Designation; (ii) that any monies are owed to Defendant; or (iii) that the legal conclusions contained in said letter are accurate. Assuming, however, that any liquidated damages are owed to Plaintiff, Defendant denies that Plaintiff's calculation is accurate.

14.    Defendant admits the allegations contained in paragraph 14 of the Complaint solely to the extent that Plaintiff sent Defendant the July 18, 2007 letter (annexed to the Complaint as Exhibit D) and respectfully refers the Court to said exhibit for the content thereof. Defendant denies, however, that: (i) Plaintiff had a legal right to submit to Defendant a notice of redemption pursuant to Section 9(b) of the Series B Certificate Designation; (ii) that any monies are owed to Defendant; or (iii) that the legal conclusions contained in said letter are accurate. Assuming, however, that any liquidated damages are owed to Plaintiff, Defendant denies that Plaintiff's calculation is accurate.

15.    Defendant denies the allegations set forth in paragraph 15 of the Complaint.

First Claim for Relief
(Breach of Contract)

16.    Defendant restates paragraphs 1 through 15 above as if fully set forth herein.

17.    Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18.    Defendant denies the allegations set forth in paragraph 18 of the Complaint.

Second Claim for Relief
(Specific Performance)

19.    Defendant restates paragraphs 1 through 18 above as if fully set forth herein.

20.    Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.    Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.    Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23.    Defendant denies the allegations set forth in paragraph 23 of the Complaint.

**As and For a First Affirmative Defense**

24.    Defendant lacks standing to assert the claims alleged in the Complaint, and thus this Court lacks subject matter jurisdiction.

**As and For a Second Affirmative Defense**

25.    Venue is improper in this Court.

**As and For a Third Affirmative Defense**

26.    Plaintiff has failed to state a claim upon which relief can be granted.

**As and For a Fourth Affirmative Defense**

27.    Assuming Defendant is in breach of contract, Plaintiff has failed to mitigate its damages despite having an obligation to do so.

**As and For a Fifth Affirmative Defense**

28.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**As and For a Sixth Affirmative Defense**

29.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**As and For a Seventh Affirmative Defense**

30.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**As and For a Eighth Affirmative Defense**

31.     Plaintiff's damages, if any, are based on pure conjecture and speculation.


DATED:     New York, New York
           September 7, 2007


                                   THE ROTH LAW FIRM, PLLC


                                   By: _____
                                        Richard A. Roth (RAR 5538)
                                        Jordan M. Kam (JK 8938)
                                   545 Fifth Avenue, Suite 960
                                   New York, New York 10017
                                   Tel: (212) 542-8882
                                   Fax: (212) 542-8883
                                   *Attorneys for Defendant*
                                   *Gigabeam Corporation*


To:     Thomas J. Fleming, Esq.
        Olshan Grundman Frome Rosenzweig & Wolosky LLP
        Park Avenue Tower
        65 East 55th Street
        New York, New York 10022
        *Attorneys for Plaintiff*
        *Portside Growth and Opportunity Fund*

## AFFIRMATION OF SERVICE

STATE OF NEW YORK    )
                      )ss.:
COUNTY OF NEW YORK  )

JORDAN M. KAM, ESQ., affirms under penalties of perjury:

1.     I am over the age of 21 years, am not a party to this action, and reside in New York, New York.

2.     On September 7, 2007, I caused the foregoing to be served by Federal Express overnight mail, on counsel for Plaintiff, at the address listed below:

> Thomas J. Fleming, Esq.
> Olshan Grundman Frome Rosenzweig & Wolosky LLP
> Park Avenue Tower
> 65 East 55th Street
> New York, New York 10022

_____
Jordan M. Kam