UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PORTSIDE GROWTH AND OPPORTUNITY
FUND,

                    Plaintiff,          Case No. 07 CIV 6990 (NRB)

    -against-

GIGABEAM CORPORATION,

                    Defendant.
------------------------------------------------------------X

## DEFENDANT'S COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Gigabeam Corporation ("Gigabeam"), by its attorneys, The Roth Law Firm PLLC, respectfully submits this Statement of Undisputed Material Facts as to which there is no genuine issue to be tried, pursuant to Rule 56.1(b) of the Local Rules for the United States District Court for the Southern and Eastern Districts of New York, and in opposition to Plaintiff Portside Growth and Opportunity Fund's ("Portside"), Motion for Summary Judgment. The numbered paragraphs below correspond numerically to Portside's Statement of Undisputed Material Facts ("Plaintiff's Facts").

    1.    Gigabeam does not have sufficient knowledge to state an opinion as to paragraph 1 of Plaintiff's Facts. Notwithstanding, Gigabeam does not maintain the fact asserted therein to be material.

    2.    Gigabeam does not dispute the fact stated in paragraph 2 of Plaintiff's Facts.

    3.    Gigabeam does not dispute the fact stated in paragraph 3 of Plaintiff's Facts. Gigabeam states additional facts as follows: The purpose of Section 9(a)(ii) of the Certificate of Designation was for Gigabeam's investors to able to sell their Registrable Securities without volume restrictions. *See*, Declaration of Amy Trombly, sworn to November 2, 2007 (the "Decl.

Trombly") at ¶ 6. Pursuant to Section 11(f) of the Certificate of Designation, each provision of such agreement is severable as to each investor and according to each investor's particular circumstances. *See*, Decl. Smith, Exh. A.

    4.    Gigabeam does not dispute the fact stated in paragraph 4 of Plaintiff's Facts.

    5.    Gigabeam does not dispute that in November 2005, Gigabeam also entered into the Registration Rights Agreement (the "Registration Rights Agreement"). However, Gigabeam does dispute the material fact that under such agreement, "it [Gigabeam] became obligated to file a registration statement, called the Conversion Shares Registration Statement, for the shares of common stock into which Preferred Stock would be converted" as stated in paragraph 5 of Plaintiff's Facts. Gigabeam states the following additional material facts: The language of Section 2(a) of the Registration Statement goes on to state that no such obligation shall arise if it is "determined by the counsel to the Company" that the "Registrable Securities covered by such Registration Statement … may be sold without volume restrictions pursuant to Rule 144(k)…" *See*, Decl. Smith, Exh. B, Section 2(a). Trombly Business Law is "counsel to the Company." *See*, Declaration of Amy Trombly, sworn to November 2, 2007 ("Decl. Trombly") at ¶ 1. Portside has never requested for Trombly Business Law to make such a Determination by Counsel. *See*, Decl. Trombly, ¶ 8. Notwithstanding, Trombly Business Law has determined that since November 7, 2006, Portside has been able to sell all of its Registrable Securities without volume restrictions pursuant to Rule 144 and as a result, selling its Registrable Securities under Rule 144(k) is not applicable and is thus irrelevant to Portside. *See, id*. ¶¶ 6, 8-10.

    6.    Gigabeam does not dispute the fact stated in paragraph 6 of Plaintiff's Facts.

7. Accepting the Securities Transfer and Assignment Agreement annexed to the Decl. Smith as Exhibit C as true, Gigabeam does not dispute the fact stated in paragraph 7 of Plaintiff's Facts. Gigabeam states the following additional material facts: Under a straight conversion of the amount of Preferred Stock Portside claims it owns (342 shares), Portside held a total of 56,066 shares of Gigabeam common stock. *See*, Decl. Trombly, ¶ 8 and Decl. Smith, Exh. F at pg. 4. At all relevant times, 56,066 shares of common stock were below the volume restriction limitation set forth in Rule 144. *See*, Decl. Trombly, ¶ 8.

8. Gigabeam has no way of knowing what notices have been received by Portside. That said, Gigabeam does not dispute sending to Portside the letter dated April 25, 2007 (annexed to Decl. Smith as Exhibit G).

9. Gigabeam does not dispute the fact stated in paragraph 9 of Plaintiff's Facts.

10. Gigabeam does not dispute the fact stated in paragraph 10 of Plaintiff's Facts.

11. Gigabeam does not dispute the fact stated in paragraph 11 of Plaintiff's Facts.

12. Gigabeam does not dispute the fact stated in paragraph 12 of Plaintiff's Facts. Gigabeam states the following additional material facts: By letter dated April 25, 2007, Gigabeam notified all investors believed to be holders of Gigabeam Series B Convertible Preferred Stock "and/or" Series C Convertible Preferred Stock, that Gigabeam had suspended the effectiveness of its Registration Statement and thus the prospectus under both the Series B Registration Statement and the Series C Registration Statement could not be used to consummate a sale or trade of any of the "offered shares" as listed in either of the Registration Statements. *See*, Decl. Smith, Exh. G. Portside is not a holder of Series C Convertible Preferred Stock. The contents of the April 25, 2007 letter do not necessarily apply to each investor simply by virtue of such investor's receipt of the letter.

13. Gigabeam does not dispute the fact stated in paragraph 13 of Plaintiff's Facts.

14. Gigabeam does not dispute the fact stated in paragraph 14 of Plaintiff's Facts.

15. Gigabeam does not dispute that Portside sent a letter dated July 10, 2007 to Gigabeam (annexed to Decl. Smith, as Exhibit H), however, Gigabeam denies that Portside had a legal right to request the relief sought therein.

16. Gigabeam does not dispute the fact stated in paragraph 16 of Plaintiff's Facts.

17. Gigabeam does not dispute that Portside sent a letter dated July 10, 2007 to Gigabeam (annexed to Decl. Smith, as Exhibit I), however, Gigabeam denies that Portside had a legal right to request the relief sought therein.

18. Gigabeam does not dispute the fact stated in paragraph 18 of Plaintiff's Facts.

19. Gigabeam does not dispute the fact stated in paragraph 19 of Plaintiff's Facts.

20. Gigabeam disputes that a "Triggering Event" occurred and thus disputes that a "Triggering Redemption Amount" is owed as stated in paragraph 20 of Plaintiff's Facts. Assuming that a Triggering Event occurred (which is in dispute in and of itself), Gigabeam disputes further that Portside is entitled to a monetary windfall when such Triggering Event did not in any way cause harm or damage to Portside.

21. Gigabeam does not dispute that five trading days after July 19, 2007 was July 17, 2007, but states that such fact is neither material nor relevant as no Triggering Event occurred.

22. Gigabeam does not dispute that five trading days after July 18, 2007 was July 25, 2007, but states that such fact is neither material nor relevant as no Triggering Event occurred.

23. Gigabeam does not dispute the fact stated in paragraph 23 of Plaintiff's Facts but disputes that Gigabeam was ever under an obligation to deliver any such common stock to Portside.

24. Gigabeam does not dispute the fact stated in paragraph 24 of Plaintiff's Facts, but states that such fact is neither material nor relevant.

25. Gigabeam does not dispute the fact stated in paragraph 25 of Plaintiff's Facts, but states that such fact is neither material nor relevant.

Additional Undisputed Material Facts:

26. Notwithstanding the Registration Statement's effectiveness, Portside has been able to sell all of its Registrable Securities without volume restrictions since November 7, 2006. *See*, Decl. Trombly, ¶ 8.

27. Had Portside desired to sell its Registrable Securities, a legal opinion letter (from Trombly Business Law) for Portside to effectuate such sale would have cost Portside a total of $350. *See*, Decl. Trombly, ¶ 8 and 10.


Dated: New York, New York
       November 5, 2007

                                        THE ROTH LAW FIRM, PLLC

                                        By: _____
                                            Richard A. Roth (RAR 5538)
                                            Jordan M. Kam (JK 8938)
                                        545 Fifth Avenue, Suite 960
                                        New York, New York 10017
                                        (212) 542-8882
                                        *Attorneys for Defendant*

## **AFFIRMATION OF SERVICE**

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

      JORDAN M. KAM, ESQ., affirms under penalties of perjury:

1. I am over the age of 21 years, am not a party to this action, and reside in New York, New York.

2. On November 5, 2007, I caused the foregoing to be served by Federal Express overnight mail, on counsel for Plaintiff, at the address listed below:

      Thomas J. Fleming, Esq.
      Olshan Grundman Frome Rosenzweig & Wolosky LLP
      Park Avenue Tower
      65 East 55th Street
      New York, New York 10022

                                                    _____
                                                    Jordan M. Kam